IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC
2005 MAY 26  A 10: 51

| | |
|---|---|
| James R. Strong, #198044, ) | C. A. No. 2:03-2256-MBS-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Jon Ozmint, Director, South ) | |
| Carolina Department of ) | |
| Corrections (SCDC); Gary ) | |
| Maynard, SCDC Official; Robert) | |
| Ward, SCDC Official; Laurie ) | |
| Bessinger, SCDC Official; ) | |
| Bernard McKie, SCDC Official; ) | |
| James Sleigh, SCDC Employee; ) | |
| Tracy Baxly, SCDC Employee; ) | |
| Gene Noles, SCDC Employee; ) | |
| NFN Martin, SCDC Employee; ) | |
| NFN Essties, SCDC Employee; ) | |
| Marcella McCoy, SCDC Employee;) | |
| Alvin Graber, SCDC Employee; ) | |
| Robert Stewart, South Carolina) | |
| Law Enforcement Division ) | |
| (SLED); Robert Espisito, SCDC ) | |
| Employee; Joel Moore, SCDC ) | |
| Employee; Sam Latta, SCDC ) | |
| Employee; Alex Underwood, SC ) | |
| Law Enforcement Division, ) | |
| Vaughn Jackson, SCDC Employee;) | |
| Tyrone Murray, SCDC Employee; ) | |
| Sam Duckett, SCDC Employee; ) | |
| NFN Robinson, SCDC Employee; ) | |
| NFN Boulware, SCDC Employee; ) | |
| Larry Binbow, SCDC Employee; ) | |
| Teddy Reeves, SCDC Employee; ) | |
| Sam Parker, SCDC Employee; ) | |
| NFN Peterson, SCDC Employee; ) | |
| James Glover, SCDC Employee; ) | |
| Elliot Pallard, SCDC Employee;) | |
| and Phillip Adams, SCDC ) | |
| Employee, in their official ) | |
| and individual capacities, ) | |
| ) | |
| Defendants. ) | |

This civil rights action pursuant to 42 U.S.C. § 1983[1], brought by James R. Strong, a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the motion for summary judgement filed by all defendants except NFN Peterson, NFN Robinson, and Gary Maynard on November 22, 2004. 28 U.S.C. § 636(b).

On July 11, 2003, Strong sued Jon Ozmint, Gary Maynard, Robert Ward, Laurie Bessinger, Bernard McKie, James Sleigh, Tracy Baxly, Gene Noles, NFN Martin, NFN Essties, Marcella McCoy, Alvin Graber, Robert Stewart, Robert Espisito, Joel Moore, Sam Latta, Alex Underwood, Vaughn Jackson, Tyrone Murray, Sam Duckett, NFN Robinson, NFN Boulware, Larry Binbow, Teddy Reeves, Sam Parker, NFN Peterson, James Glover, Elliot Pallard, and Phillip Adams. All the defendants were employed by the South Carolina Department of Corrections (SCDC) with the exceptions of Underwood and

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

2

Stewart who were South Carolina Law Enforcement Division (SLED) employees. Strong challenged a number of conditions of his confinement in the Maximum Security Unit (MSU) at Kirkland Correctional Institution and claimed he was subjected to excessive use of force on five occasions between October 8, 2001, and May 26, 2003. Strong seeks injunctive relief, various declaratory judgements, and millions of dollars in compensatory and punitive damages.

On December 7, 2004, Strong was provided a copy of the defendants' summary judgment motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Strong filed an opposition to the instant motion on January 10, 2005, with exhibits. Hence, it appears consideration of the motion is appropriate.

### SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the

basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

4

## DISCUSSION

A review of the record and relevant case law reveals the motion should be granted.

In his fifty page complaint, the plaintiff complained about every imaginable condition of his confinement and incidents of alleged excessive use of force in the maximum security unit at Kirkland Correctional Institution. However, he has not exhausted his administrative remedies within the prison and, therefore, this court lacks jurisdiction over the matter.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act (PLRA) revised 42 U.S.C. § 1997e to require a plaintiff prisoner to exhaust administrative remedies as a prerequisite to a court's consideration of his or her claims in a § 1983 action.

The statute reads:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (a).

The exhaustion of administrative remedies requires that a prisoner litigant first process his or her claims through all of the institutional grievance procedures before bringing a suit in

5

federal court. The supporting rationale behind the provision is that it provides prisoners a faster method of obtaining relief, and if the prisoner receives relief through this method, it minimizes litigation. Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983 (2002); Booth v. Churner, 531 U.S. 956, 121 S.Ct. 1819 (2001) (unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action.).

The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 984 (2002); Cf., Wilson v. Seiter, 501 U.S. 294, 299, n. 1, 111 S.Ct. 2321 (1991).

In South Carolina, the plaintiff must fill out a Step 1 grievance form about the matters raised in his complaint and give the form to the Institutional Inmate Grievance Coordinator within 15 days of the alleged incidents. The Warden should respond to the grievance in writing no later than 40 days from the filing of the initial grievance. If the plaintiff is not satisfied with the Warden's response, or if no response is forthcoming, the plaintiff may file an appeal of his Step 1 grievance by filing a Form 10-5a, Step 2 grievance, with the Inmate Grievance

6

Coordinator within five (5) days of the receipt of the response from the Warden or the end of the 40 day period. A responsible official will have 60 days to respond to the Step 2 grievance. If after Step 2, the prisoner is still not satisfied with the Step 2 resolution of the matter, the prisoner may sue.

In his complaint, the plaintiff indicated he had exhausted all his administrative remedies but that such exhaustion had resulted in "nothing but biased cover ups of all violations". (Complaint at p. 2). In the instant motion, the defendants asserted that they are entitled to dismissal of the action because the plaintiff has not shown that he exhausted his administrative remedies with regard to any of the complaints raised here.

In response to the motion, the plaintiff pointed to unverified exhibits C-E filed with his opposition to the motion as "substantial proof to show that he did." Exhibit C is a copy of a letter from Bernard McKie in response to a letter he received from the plaintiff. Exhibit D-1 is a copy of a Step one grievance number MSU 0165-01 filed June 26, 2001, which alleged, "I asked CPL Benbow on the morning of 6-26-01 (Tue) why he would not give me a juice, given to me." (sic). The plaintiff wrote that Benbow refused to do anything about the juice which demonstrated harassment and retaliation against the plaintiff. The plaintiff indicated that the officer should be disciplined

7

"or my taking actions of my own." (sic). The grievance was denied on July 10, 2001, and the plaintiff proceeded to file a Step 2 grievance on July 31, 2001, which did not complain about the juice but changed into a complaint about an unidentified officer or officers taking his clothing and T.V. The plaintiff again threatened to "take matters into my own hands" if nothing was done and explained that he was only "trying to avoid what is to come." The Step 2 grievance was denied on August 10, 2001. The plaintiff noticed an appeal to the Administrative Law Judge Division and wrote that he "was backed into a corner, I don't want to hurt any one but I and others are being taunted, harassed threatened, having our food tampered with and in my situation, (2 life sentences) I have nothing to lose by striking back." The appeal was dismissed for want of jurisdiction.

None of his complaints here comply with the PLRA. Plaintiff complained about the non-receipt of juice in his Step One grievance but did not mention juice and switched to a complaint about his TV and clothing in his Step Two grievance. The same grievance was not pursued through all administrative levels as required to exhaust remedies. Nonetheless, a complaint about juice simply does not rise to the level of a constitutional violation cognizable in §1983 action. A plaintiff must show an objectively serious deprivation violating contemporary standards of decency to state a claim. See, e.g., Rhodes v. Chapman, 452

8

U.S. 337 (1981). Further, with regard to his clothing and television claim, because South Carolina provides an adequate post-deprivation remedy[2] for loss of property, no constitutional due process violation could have occurred. See, e.g., Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986).

Plaintiff's exhibit E is a copy of a Step One grievance, MSU-0166-01, filed on June 26, 2001, in which the plaintiff complained that on an unspecified date,

> "My outer and inner door's were left open by Lt. Duckett and CPL. Benbow when I was being placed back into my cell. The restraint were removed and I informed Lt. Duckett that he left my inner cell door unlocked, He at this time closed it and made the comment You probably think we (Duckett and Benbow) are trying to set you up and then Lt Duckett laughed at his own humorless joke." (sic).

The Step one grievance was denied on July 9, 2001, and Plaintiff initiated a Step 2 grievance received by the grievance office on August 2, 2001, and denied on August 6, 2001.

While this complaint is exhausted, careful review of the complaint reveals that the plaintiff did not include the

---

[2] The South Carolina Tort Claims Act waives sovereign immunity to extent of insurance coverage for torts of state employees acting within scope of employment, subject to listed exceptions including exercise of discretion and intentional acts. See, S.C. Code Ann. § 15-78-10 to 15-78-200 (Law. Co-op. Supp. 1999); McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986) (state officials are not immune from liability for ministerial acts performed contrary to their duties).

9

incident[3] as part of this action so that the grievance is irrelevant here.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the court dismiss the action for want of jurisdiction without prejudice to refiling if and when the plaintiff complies with the exhaustion requirement of the PLRA.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

May 26, 2005

---

[3] Even if it had been included, it fails to state a violation of constitutional dimension.

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
